The opinion of the court was delivered by
Tii.ghman, C. J.
In this case the plaintiffs in error were defendants below. The action was brought against them by Joseph Hopkins, for mason work done by him in the erection of a stone bridge, or bridges. — No less than twelve errors have been assigned, but several of them were abandoned in the argument.
The first and second errors may be considered together. The objection is, that the action was brought in debt, the declaration was in assumpsit. the plea non assumpsit, and the verdict found a certain sum in debt, and another sum in damages. If the proceedings had been according to the course of the common law, these objections would not have been easily answered; but they are founded on an act of assembly which introduced a new practice (21st of March, 1806. Purd. Dig. 23. 4 Sm. L. 330.) By this act the form of a writ was prescribed; and whether the action was founded on a bond, note, book account, damages, or assumption, the defendant was called upon to answer the plaintiff of a plea of debt; and the plaintiff was permitted, instead of a formal declaration, to file a short statement, describing his cause of action. This act of assembly, which was intended to render the proceedings in a law suit so easy that they might be conducted without the aid of a lawyer, although it has had some good effects, has certainly produced confusion by the laxity which it has introduced. Very different constructions have been put on different parts of it, by different judges, but as it has been in force upwards of nineteen years, and an immense number of actions have been brought under it, it is the duty of this court to support the judgments which have been rendered, wherever it can be done without great impropriety. Now, we know that in some of the Courts of Common Pleas, it has been the practice for the plaintiffs to file statements instead of declarations; and in others, declarations have been generally adhered to. We see no impropriety in construing the law, so as to give the plaintiff the choice of filing either a declaration or a statement. In the present instance, therefore, though the writ was in debt, it was no error to file a declaration in assumpsit. And, as for the verdict, the intention of the jury plainly appearing, if the prothono-* tary entered it informally, the court below might have amended it, and this court will consider it as amended. The declaration being in assumpsit, the pleas of non assumpsit and issue thereon, were regular. This is a sufficient answer to the first and second errors.
The third error referred to three bills of exceptions to evidence. These were abandoned, and therefore nothing need be said as to them. The fourth and twelfth errors are on the same subject,— *47 “that two declarations appeared on the record, on both of which the cause was tried, and as in one of them a blank was left for the damages, it was error in the jury to find damages.’7 It is true that among a number of loose papers sent up with the record, there are two declarations. But, in order to support this judgment, we could suppose that the cause was tried on that which is most perfect, in which damages are laid. We shall then get over the fourth and twelfth errors. The fifth, eighth, and ninth errors were abandoned. The sixth error is, that the second declaration was filed without leave of the court. This is presumed, because it is not mentioned in the record that leave was given. I do not agree to this presumption. Leave to plead double, or to amend a declaration, or file a new declaration, does not always appear on our records. The second declaration being sent by the prothonotary, and certified as part of the record, the presumption should rather be, that it was filed by the court’s permission.
The seventh error is, “that the fourth'point proposed to the court by the counsel for the defendant was not answered.” In this there is something serious. The proposition was this, — -“that when a person contracts to build a bridge, or bridges, the work must be finished before the plaintiff can recover.” I have examined the record, with an earnest inclination to support the judgment, but cannot find that this point was answered by the court. It was put in plain and pointed terms, and was very material, because the building of one or more bridges was the plaintiff’s cause of action, and he was not entitled to recover, unless the work was finished, or he was prevented from finishing it by the act or consent of the defendants. The defendants, therefore, had a right to a direct and plain answer, in order that the jury might plainly understand the law on this part of the case. As I have been unable to discover any direction to the jury, I am of opinion that in this respect there was error.
The eighth and ninth errors were abandoned.
The tenth error is, “ in the court’s not charging the jury, that if George Yeates was a party to the first contract with the defendants, it could not be altered without his consent.” This error does not seem to be supported in fact. The court said, “that if Yeates was a party to the original contract, the accident of breaking his leg, by which he was disabled from doing any part of the work, would not vary or annul the contract, as between the original parties, and could produce no effect except as it might relate to Hopkins and Yeates alone.” This answer of the court was adapted, I presume, to the evidence which had been given, and they were not bound to answer a speculative question, not fairly arising out 'of the evidence.
The eleventh error is alleged to be, “in the court’s charging the jury, that although the plaintiff had once agreed to give the defendants credit for certain tickets in an unlawful lottery, yet *48 he was not bound by that agreement.” The fact appears to have been, that when this cause was before arbitrators, the defendants produced an account against the plaintiff, one of the items of which, was a charge for certain lottery tickets, which the plaintiff did not dispute, but was willing to allow. The arbitrators made an award, in which the defendants did not acquiesce, but entered an appeal, and on tfie trial they insisted that the plaintiff was bound by his concession before the arbitrators; — but the court decided against them. Under the circumstances of the case, I cannot think the plaintiff was bound. If the defendants had stood to the award, they would have had the credit which they asked; but, as they chose to put the controversy afloat again, there is no reason why the plaintiff should not be allowed to retract his concession as to these tickets. The probability is, that when he agreed to allow this item, he did not know that the lottery was illegal. There were many such lotteries, the legality of which was doubtful, until decided by this court. But, at all events, it was a voluntary concession, for which the plaintiff received no consideration, and as the defendants did not think proper to abide by the decision of the tribunal before whom it was made, they thereby gave the plaintiff the liberty of retracting it. 1
Upon the whole, then, I am of opinion that the seventh error has been supported, and the record is in all other respects correct. The judgment is to be reversed, and a venire de novo awarded.
Judgment reversed, and a venire facias de novo awarded.